IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2014 Session

**WILLIAM CALDWELL HANCOCK v.
BOARD OF PROFESSIONAL RESPONSIBILITY
OF THE SUPREME COURT OF TENNESSEE**

**Direct Appeal from the Chancery Court for Davidson County
Nos. 11-1816-IV & 11-1797-IV     Donald P. Harris, Special Judge**

---

**No. M2012-02596-SC-R3-BP - Filed September 3, 2014**

---

CORNELIA A. CLARK, J., concurring in result.

I concur in the lead opinion's conclusions that Mr. Hancock violated Tennessee Supreme Court Rule 8, RPC 3.5(b) and 3.5(e) and that "an attorney may be disciplined pursuant to [RPC]8.2 only if the false statement is communicated to a third party." I disagree, however, with the lead opinion's conclusion that "the record lacks any indication that Mr. Hancock sent the email to anyone other than Judge Paine." I would instead hold that the record contains substantial and material evidence establishing that Mr. Hancock sent an email to third parties. As a result, I would affirm the hearing panel's judgment that Mr. Hancock violated RPC 8.2(a)(1). In all other respects, I concur in the lead opinion's decision affirming Mr. Hancock's thirty-day suspension from the practice of law.

Mr. Hancock's September 28, 2009 email to Judge Paine consisted of the one-page email addressed to Judge Paine, which is quoted in the lead opinion, but it also included a September 11, 2009 email Mr. Hancock sent to three other persons—Candace Holloran, Terrie Carlton, and John Roe. The September 11, 2009 email to third parties was attached to and forwarded along with Mr. Hancock's September 28, 2009 email to Judge Paine. In his September 11, 2009 email to third parties, Mr. Hancock made the following statements about Judge Paine:

As you know, as everybody who knows me knows, the scurrilous and defamatory opinion that George Paine put on the internet denying my $371,000

in fees and destroying my reputation as a competent bankruptcy lawyer has put me out of business.

. . . .

It will take some time to build my [sic] and may not be doable at all as long as Paine's poison is out there destroying me every day.

During his testimony before the hearing panel, Mr. Hancock was most insistent that his September 28, 2009 email to Judge Paine included, and was incomplete without, the forwarded and attached September 11, 2009 email to third parties. Mr. Hancock objected to the admission of exhibit forty-four on the ground that it was "incomplete," because it consisted of only the one-page September 28, 2009 email to Judge Paine. Later, referring to the September 28, 2009 email to Judge Paine and the September 11, 2009 email to third parties, Mr. Hancock instructed Disciplinary Counsel that she should "[p]ut them all together and that's one email." Still later Mr. Hancock testified as follows regarding the emails.

Okay. It is one e-mail. And the first page of it is what you have showed me. *The second page of it is, is a forwarding of a previous e-mail that I had sent to my landlord when, when I couldn't pay my rent and they dun me. They were going to throw me out of my office, and that was September 09. And when that happened, that was just about the same time Judge Trauger threw out my appeal, and I, I didn't take it very well.*

(Emphasis added.) Mr. Hancock subsequently agreed that three-page exhibit forty-five, which included the September 11, 2009 email, constituted the entire email he sent to Judge Paine on September 28, 2009. Mr. Hancock declared that he had no objection to Disciplinary Counsel moving the three pages into evidence as exhibit forty-five. Mr. Hancock thus authenticated the September 11, 2009 email he sent to third parties, requested that it be introduced into evidence, expressly indicated that he had no objection to its entry into evidence, and agreed that he sent the email to his landlords and to Judge Paine.

Although neither the hearing panel nor the trial judge quoted from the September 11, 2009 email, the hearing panel referred to exhibit forty-five in its decision. Additionally, the Board had alleged in paragraphs sixty-four, sixty-five, and sixty-eight of the amended petition that the statements Mr. Hancock made about Judge Paine in the September 11, 2009 email amounted to a violation of RPC 8.2(a). At no point during the proceedings before the hearing panel did the Board abandon its assertion that these statements constituted a violation of RPC 8.2(a). Thus, based on the circumstances of this case, including: (1) the allegations of the amended petition concerning the conduct that violated RPC 8.2(a); (2) the proof in this

record of the September 11, 2009 email Mr. Hancock sent to three other persons; and (3) the deferential standard of review this Court must apply when reviewing a hearing panel's decision, I would hold that the record contains substantial and material evidence supporting the hearing panel's judgment that Mr. Hancock violated RPC 8.2(a) by publishing statements about Judge Paine to third parties.

Because the record on appeal contains substantial and material evidence of publication to third parties, it is not necessary in this case to decide whether a judge's disclosure of an ex parte communication pursuant to Tennessee Supreme Court Rule 10, RJC 2.9(B)(5) would alone constitute publication sufficient to establish a violation of RPC 8.2.

For the reasons stated herein, I would affirm the hearing panel's judgment that Mr. Hancock violated RPC 8.2(a)(1). In all other respects, I concur in the lead opinion's decision affirming Mr. Hancock's thirty-day suspension from the practice of law.

_____
CORNELIA A. CLARK, JUSTICE